UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Warren Picard

   v.                                                          Civil No. 15-cv-105-JL

Ronald White, Superintendent,
Merrimack County Department of
Corrections, et al.[1]


**REPORT AND RECOMMENDATION**


Before the court is Merrimack County Department of Corrections ("MCDC") inmate Warren Picard's complaint (doc. no. 1). The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Standard for Preliminary Review**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing

---

[1] Defendants are Merrimack County Department of Corrections ("MCDC") Superintendent Ronald White, MCDC Classification Officer Fryberg, whose first name is unknown ("FNU"), MCDC Physician's Assistant Judy Figaroala, and the MCDC Medical Department.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Claims**

In his complaint, Picard asserts the following claims for relief:

- Defendants violated Picard's Fourteenth Amendment right to adequate medical and mental health care during his pretrial detention, by failng to provide him with appropriate medication to treat his serious mental illness.

- Defendants violated Picard's Fourteenth Amendment right not to be subjected to punitive conditions of confinement as a pretrial detainee, and his First Amendment right to free speech, by placing him in maximum security to punish and retaliate against him.

- Defendants violated Picard's First Amendment right to meaningfully access the court to petition the government for a redress of grievances, by denying him adequate use of the MCDC law library.

- Unnamed MCDC corrections officers violated Picard's Fourteenth Amendment right not to be subjected to excessive force by beating Picard up every day.

In an Order issued this date, the court has directed service of the denial of mental health treatment and punitive conditions of confinement claim, as Picard stated sufficient facts in his complaint to allow those claims to proceed.

**Discussion**

I.  **Law Library Access**

Picard asserts that he has not been provided adequate time to access the MCDC law library to do legal work for this action

and his criminal cases.  To state a claim for a denial of access to the courts, an inmate must show, among other things, that his ability to pursue a nonfrivolous claim that he has a right to litigate, has been hindered.  See Lewis v. Casey, 518 U.S. 343, 349-52 (1996); see also Guglielmo v. N.H. State Prison, 111 F.3d 122, at *1 (1st Cir. 1997) (unpublished table decision) (citing Lewis, 518 U.S. at 356) (inmate must show "that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented" due to the defendants' actions).  Picard has not demonstrated a hindrance to any legal action caused by the alleged deficiencies in his access to the MCDC law library.  Accordingly, Picard's claim alleging the denial of an adequate law library should be dismissed.

## II.  **Excessive Force**

The Fourteenth Amendment protects pretrial detainees from a prison official's use of excessive force intended to punish the inmate.  See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)).  Picard's sole reference in his complaint to the use of excessive force against him is the single phrase, "getting beat up by guards every day."  That passing reference to the use of excessive force by unnamed officers is inadequate to state a claim for relief, and the excessive force claim should thus be dismissed.

## Conclusion

For the foregoing reasons, the court recommends that Picard's inadequate law library and excessive force claims be dismissed. In an Order issued simultaneously with this Report and Recommendation, the court directs service upon defendants of the other two claims asserted in the complaint.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 20, 2015

cc: Warren Picard, pro se